IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK R. MONTERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-622-TCK-JFJ |
| | ) |
| TULSA AIRPORT IMPROVEMENTS TRUST, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff Frank Montero's *pro se* Complaint (styled as "Petition") (hereinafter "Complaint") (Doc. 4). For reasons discussed below, the Complaint is dismissed *sua sponte* because the *Rooker-Feldman* doctrine prevents this Court from exercising subject-matter jurisdiction over this case. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

**I.    Background**

On January 15, 2014, Plaintiff filed suit against Defendant in the District Court for Tulsa County ("State Court Action"), alleging breach of contract and various claims of property damage arising out of Plaintiff's lease of an airplane hangar from Defendant. (Complaint, *Montero v. Tulsa Airport Auth.*, CV-2014-72.)[1] Plaintiff alleged that Defendant stole his septic tank, gave it to his neighbor, and installed an illegal bootlegged septic tank on Plaintiff's leased airplane hangar. *Id.*

---

[1] The description of Plaintiff's claims in the State Court Action is based on (1) representations in Plaintiff's allegations set forth in his Complaint in this case, and (2) certain documents from the state court docket, of which the Court takes judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system . . . ."). The State Court Action weighs on this Court's ability to exercise subject-matter jurisdiction here. Accordingly, this Court will take judicial notice of relevant documents from that proceeding.

1

Plaintiff also alleged that he should not be required to purchase a mandatory liability insurance policy pursuant to the parties' lease agreement ("Ground Lease Contract"), as the Ground Lease Contract was between Defendant and A.A. Inc., Plaintiff's corporation, rather than with Plaintiff personally, and also contained other technical defects. (Compl. at 2.) In the State Court Action, the judge judicially reformed the Ground Lease Contract to be between Defendant and Frank Montero personally. (*Id.* at 2, 6.) The state court also granted Defendant's motion to dismiss and entered final judgment on July 14, 2015. (Final Judg. of Dismissal with Prej., *Montero v. Tulsa Airport Auth.*, CV-2014-72.) Plaintiff filed the instant action on November 14, 2017.

## II. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, a plaintiff has the burden to allege sufficient jurisdictional facts to establish federal subject-matter jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff to properly allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court addresses Plaintiff's Complaint *sua sponte* because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006)); *see also* FED. R. CIV. P. 12(h)(3). A court may raise the question of subject-matter jurisdiction "at any stage in the litigation." *Id.*

This case raises the potential application of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine establishes that, as a matter of subject-matter jurisdiction, only the United States Supreme Court has appellate authority to review a state-court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, this Court may not review a

state-court judgment. *Id.* The *Rooker-Feldman* doctrine, however, does not extend to parallel federal actions, or to independent claims, even if those claims raise overlapping legal issues. Such cases would be subject only to preclusion law. *See id.*, 544 U.S. at 292-93.

## III. Analysis

Plaintiff is a *pro se* litigant participating in this proceeding *in forma pauperis*; accordingly, the Court construes his allegations liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Court can reasonably read Plaintiff's Complaint to state a valid ground for jurisdiction, the Court should do so "despite the plaintiff's failure to cite proper legal authorities, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements." *Id*. However, it is not the proper function of this Court to assume the role of advocate for the *pro se* litigant. *See id*.

Although Plaintiff's allegations are not clearly stated, Plaintiff appears to seek reconsideration of the claims he raised in the State Court Action, as well as relief from enforcement of the judgment in that case. In the Complaint, Plaintiff lists his causes of action as follows: (1) declaratory judgment; (2) unlawful conversion of an out-of-state corporation; (3) wrongful conversion of Plaintiff's septic tank; (4) "sounds in tort causing property damage"; (5) "civil rights violations"; and (6) breach of contract. (Compl. at 7-9.) Despite the liberal construction that this Court affords to *pro se* pleadings, this Court cannot construe these listed claims as anything other than claims seeking review of and relief from the judgment in the State Court Action. Plaintiff's first cause of action requests immediate relief from the judgment in the State Court Action, while his remaining causes of action challenge the judgment in the State Court Action.

Throughout his Complaint, Plaintiff describes the same conduct which he first challenged in the State Court Action, and how that conduct has caused him harm. For example, Plaintiff

describes Defendant's alleged breach of contract and Defendant's attempt to enforce the Ground Lease Contract against him, rather than against A.A. Inc. (*Id.* at ¶¶ 4, 18.) Similarly, Plaintiff describes Defendant's alleged misconduct related to his septic tank, including that Defendant stole his septic tank, gave it to his neighbor, and installed an illegal, bootlegged septic tank on his property. (*Id.* at ¶ 18.) Plaintiff also describes the judgment in the State Court Action, such as the decision to judicially reform the Ground Lease Contract, as well as how that judgment has harmed him, in great detail. (*Id.* at ¶¶ 4-6.) Moreover, Plaintiff devoted his entire jurisdiction section and statement of facts to describing the harm he suffered as a result of the State Court Action and its underlying events. (*Id.* at ¶¶ 4-18.) Finally, Plaintiff has pleaded no facts that suggest this case falls outside the *Rooker-Feldman* doctrine. Specifically, he has not pleaded any allegations that this federal court action is a parallel action to the State Court Action, or pleaded any facts indicating that Plaintiff has any claims independent of the State Court Action.

Taken together, Plaintiff's Complaint demonstrates that he is seeking, essentially, a review of the judgment in the State Court Action, rather than the adjudication of separate claims. Accordingly, the Court lacks subject-matter jurisdiction in this proceeding, pursuant to the *Rooker-Feldman* doctrine. Plaintiff's Complaint (Doc. 4) is therefore **DISMISSED** Federal Rule of Civil Procedure 12(b)(1). A separate judgment of dismissal is entered herewith.

**SO ORDERED this 10th day of January, 2018.**

*[signature: Terence C. Kern]*

**TERENCE C. KERN**
**United States District Judge**