IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FRANK R. MONTERO, )
)
    Plaintiff, )
)
vs. ) Case No. 17-CV-622-TCK-JFJ
)
TULSA AIRPORT IMPROVEMENTS )
TRUST, )
)
    Defendant. )

## OPINION AND ORDER

Before the Court are Plaintiff Frank Montero ("Plaintiff")'s Motion to Amend (Doc. 22), Motion to Strike Documents (Doc. 29), and Motion for Sanctions (Doc. 33). For the reasons discussed below, Plaintiff's Motions are **DENIED**.

### I. Background

Plaintiff filed the instant action *pro se* on November 14, 2017, apparently seeking reconsideration of claims he raised in a state court action and relief from enforcement of the judgment in that case. This Court found that it could not exercise jurisdiction over these claims due to the *Rooker-Feldman* bar on exercising appellate jurisdiction over a state-court judgment, and dismissed the instant action *sua sponte* on January 10, 2018. (Doc. 21). Plaintiff filed his Motion to Amend (Doc. 22) on January 16, 2018, and then filed his Notice of Appeal, filed on February 7, 2018 (Doc. 24). Plaintiff later filed a Motion to Strike (Doc. 29) on February 20, 2018 and a Motion for Sanctions (Doc. 33) on March 30, 2018. The Tenth Circuit has abated the appeal, and suspended briefing pending this Court's ruling on Plaintiff's Motion to Amend. (Doc. 30.)

### II. Motion to Amend

The Tenth Circuit instructed this Court to construe Plaintiff's Motion to Amend as a Motion under Rule 59(e). (Doc. 30). A Motion to Alter or Amend Judgment under Federal Rule

of Civil Procedure 59(e) ("Rule 59(e)") is warranted when there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations and quotations omitted). A Motion to Alter or Amend Judgment is not appropriate, however, "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*, *see June v. Union Carbide Corp.*, 577 F.3d 1234, 1247 (10th Cir. 2009); *Grayson v. DynaTen Corp.*, No. 10-cv-795-TCK-PJC, 2012 U.S. Dist. LEXIS 74885 at *3 (N.D. Okla. May 31, 2012). A motion pursuant to Rule 59(e) is designed "to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *See Hill v. Mem'l. Drive United Methodist Church*, 17-cv-227-CVE-JFJ, 2018 U.S. Dist. LEXIS 69232, *4 (N.D. Okla. Apr. 25, 2018); *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-cv-384-JHP-FHM, 2009 U.S. Dist. LEXIS 22312, *2 (N.D. Okla. Mar. 19, 2009).

In this case, Plaintiff contends that if he is permitted to "amend his petition" (sic) to add the F.A.A., the D.E.Q., the E.P.A. and the State of Oklahoma as Defendants, this Court will have subject-matter jurisdiction over the instant action. However, this argument is misplaced, as Plaintiff fails to demonstrate how his own failure to name all appropriate Defendants falls within the narrow circumstances that warrant granting a motion under Rule 59(e). Indeed, Plaintiff has alleged no intervening change in the controlling law, no new evidence that was previously unavailable, and no need to correct clear error or prevent manifest injustice, which would warrant granting a motion under Rule 59(e). Absent any appropriate explanation, Plaintiff's attempt to name additional Defendants at this juncture would do nothing more than "offer [him] a second bite of the proverbial apple." *See Hill*, 2018 U.S. Dist. LEXIS 69232, *4; *Syntroleum Corp*, 2009 U.S. Dist. LEXIS 22312, *2. Accordingly, Plaintiff's Motion to Amend (Doc. 22) is **DENIED**.

### III. Motion to Strike Documents

Plaintiff has filed a Motion to Strike Defendant's Response to Plaintiff's Motion to Amend (Doc. 29). Though Plaintiff's motion is unclear, it appears that Plaintiff made his Motion to Strike under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, briefing in support of or opposition to a motion is not a pleading, and may not be stricken pursuant to Rule 12(f). *See* Fed. R. Civ. P. 7(a) (the only "pleadings" allowed are complaints, answers, and replies to answers); *McNeil v. Post*, No. 15-cv-478-JHP-PJC, 2016 U.S. Dist. LEXIS 69099, *20 (N.D. Okla. May 26, 2016) (denying to a motion to strike a party's motion to amend as motions are not pleadings); *Nadel & Gussman, LLC v. Reed Family Ranch LLC*, 998 F. Supp. 2d 1211, 1219 (N. D. Okla. May 15, 2014) (denying a motion to strike a motion for certification because a motion is not a pleading and may not be stricken pursuant to Rule 12(f)). Because Defendant's Response to Plaintiff's Motion to Amend is not a pleading, it may not be stricken pursuant to Rule 12(f). Plaintiff's Motion to Strike (Doc. 29) is **DENIED.**

### IV. Motion for Sanctions

Plaintiff has filed a Motion for Sanctions against Defendants under Federal Rule of Civil Procedure 11(b) ("Rule 11(b)"), also based on Defendant's filing of a Response to Plaintiff's Motion to Amend (Doc. 23).

> Under Rule 11(b), for every pleading, motion, or other paper presented to the court, an attorney must certify, to the best of his knowledge, information, and belief, formed after a reasonable inquiry, (1) that he isn't presenting the filing for any improper purpose, (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law, (3) that the factual contentions are warranted on the evidence or will likely have support after further investigation, and (4) that the denials of factual contentions have similar support. Fed. R. Civ. P. 11(b).

> When, after notice and an opportunity to respond, a court determines that an attorney has violated Rule 11(b), it may impose sanctions under Rule 11(c).

*King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018).

In this case, the Court has no basis for concluding that Defendant's counsel violated Rule 11(b). Plaintiff's argument is limited to the allegation that Defendant filed its response "in direct defiance to the acknowledged correction entered by the Court Clerk on the 17th day of February, 2018 [event to Motion to Amend]." (Doc. 33.) Plaintiff appears to challenge Defendant's Response being titled "Defendant's Response to Plaintiff's Motion to Alter Judgment" while the Motion is docketed as "Motion to Amend." However, Plaintiff has not alleged that Defendant filed the Response for any improper purpose or that Defendant's factual or legal contentions are unwarranted. Indeed, regardless of how the motion has been docketed, Defendant's Response addressed the substance of Plaintiff's Motion, which remained unchanged by the way in which it was docketed. Accordingly, this Court cannot, without more, find that Defendant has violated Rule 11(b). Plaintiff's Motion for Sanctions (Doc. 33) is **DENIED.**

**V.   Conclusion**

For the reasons set forth above, Plaintiff's motions are all denied.

Plaintiff's Motion to Amend (Doc. 22) is **DENIED**.

Plaintiff's Motion to Strike Documents (Doc. 29) is **DENIED**.

Plaintiff's Motion for Sanctions (Doc. 33) is **DENIED**.

**SO ORDERED.**

**DATED THIS 29th day of January, 2019.**

_____
**TERENCE C. KERN**
**United States District Judge**